**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| COPPER STATION FARMS, LLC<br>53 Riverwalk Boulevard<br>Ridgeland, SC 29936 | )<br>)<br>) | CASE NO.:   **ᒐ V 4 1 8 – 0 6 2** |
| | )<br>) | JUDGE: |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| DOLE BERRY COMPANY<br>C/O Corporation Service Company<br>Registered Agent<br>40 Technology Parkway South, #300<br>Gwinnett, Norcross, GA, 30092 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

**COMPLAINT**
**(Jury demand endorsed hereon)**

Plaintiff Copper Station Farms, LLC ("Plaintiff") bring this civil action against Defendant Dole Berry Company ("Defendant"), for damages and declaratory judgment and alleges as follows:

## I.  JURISDICTION

1.      Federal Question Jurisdiction is vested in this Court pursuant to the Perishable Agricultural Commodities Act, 7 U.S.C. §499(b): ("PACA"). Federal diversity jurisdiction is vested in this Court pursuant to 28 U.S.C. §1332(a). This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) and ancillary jurisdiction to hear and determine all related state-based claims.

## II.    VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the transactions which are the subject of this action occurred in this district, and Defendant was, at all relevant times, conducting business in this district.

## III.    PARTIES

3.     Plaintiff Copper Station Farms, LLC is a South Carolina limited liability company with a blueberry farm in Riceboro, Liberty County, Georgia, and is engaged in the business of growing and packing wholesale quantities of fresh perishable agricultural commodities in Liberty County, Georgia.

4.     Defendant is a Florida company with its principal place of business in Winter Haven, Florida.  Defendant was at all times relevant herein acting as a dealer and commission merchant of wholesale quantities of perishable agricultural commodities and as such is subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a, *et seq.*, ("PACA"). At all times relevant, Defendant maintained U.S. Department of Agriculture PACA License Number 20150424 in good and active standing.

## IV.    GENERAL ALLEGATIONS

5.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

6.     Before the 2016 berry season, Plaintiff and Defendant agreed that Defendant would sell the blueberries grown, harvested, and packed by Plaintiff during the 2016 berry season.

2

7.      Defendant or its predecessors required Plaintiff to execute a written agreement with Defendant or its predecessors.  Said agreement is attached hereto as Exhibit A.

8.      The blueberries were grown and packed in the state of Georgia.

9.      Defendant maintained an office in or around Riceboro, Georgia with full time representatives to oversee the blueberry operation.

10.     Once the blueberries were packed, they were transferred to Defendant and stored until sold by Defendant, at which time they were shipped to Defendant's customers.

11.     In exchange for selling the blueberries, the Parties agreed that Defendant would receive a commission on the sales. The balance of the sale proceeds would be remitted to Plaintiff.

12.     Defendant agreed to sell Plaintiff's blueberries for the best possible prices.

13.     At regular intervals during the 2016 berry season, Defendant issued Market Reports to Plaintiff which reported the minimum sales prices Defendant would achieve for Plaintiff's blueberries. *See* exemplar Market Reports attached hereto as Exhibit B.  Defendant, as the author of these documents, is in possession of all relevant Market Reports.

14.     Plaintiff relied on the Market Reports to, among other things, determine if they should harvest blueberries at a particular time based upon the profit Defendant agreed to provide.

15.     During the 2016 berry season, the U.S. Department of Agriculture also issued its own Market Reports. The USDA Market Reports reflect actual sales and data for blueberries sold at specific times. *See* exemplar USDA Market Reports attached hereto as Exhibit C.

16.     Plaintiff duly harvested, packed, and transferred the blueberries to Defendant, and otherwise fully complied with all terms of the Parties' agreement.

17.     Defendant received and accepted the blueberries from Plaintiff.

18.     Throughout the 2016 berry season, Defendant failed to sell Plaintiff's blueberries at market prices.

19.     Throughout the 2016 berry season, Defendant failed to sell Plaintiff's blueberries for the best possible prices.

20.     Defendant failed to remit full payment to Plaintiff for its blueberries.

21.     Defendant acknowledged its failures throughout the 2016 berry season, but failed to remedy its violation of the Parties' agreement of make Plaintiff whole.

22.     Defendant is in default to Plaintiff in the principal amount of between $194,524.10 and $389,698.81:

| Total Lost Revenue v. Dole Market Price | Total Lost Revenue v. USDA Market Price |
|:---:|:---:|
| $194,524.10 | $389,698.81 |

*See* detailed Statement of Account for Plaintiff attached hereto as Exhibit D.  Additional supporting documentation was created by, and is in, Defendant's possession or control.

23.     Defendant has failed and refused to remit full payment promptly for the blueberries it ordered, received, and accepted from Plaintiff, despite due demand.

24.     Plaintiff is an unpaid creditor and supplier of perishable agricultural commodities as those terms are defined under PACA.

## V.  CLAIMS FOR RELIEF

### COUNT I

### [Unfair Conduct 7 U.S.C. §499b(4)]

25.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

26.     Defendant has failed and refused without reasonable cause to pay Plaintiff the principal amount of at least $194,524.10, which sum is unpaid and overdue to Plaintiff and is the difference between the minimum price for which Defendant agreed to sell Plaintiff's blueberries, and the price for which Defendant actually sold Plaintiff's blueberries.

27.     By failing to remit payment to Plaintiff consistent with either Defendant's or the USDA's market prices, Defendant has failed to make full payment promptly to Plaintiff, despite due demand.

28.     By failing to sell the blueberries at the best market prices, Defendant has failed to satisfy its express or implied duties to Plaintiff.

29.     By failing to sell the blueberries at either Defendant's or the USDA's market prices and remit full payment to Plaintiff based upon those minimum prices, Defendant has failed and refused to truly and correctly account to Plaintiff.

30.     By falsely reporting prices it would achieve to induce Plaintiff to harvest berries, and failing to achieve the best prices available, Defendant has made false and misleading statements to Plaintiff.

31.     Defendant's actions and inactions constitute "unfair conduct" and are violations of PACA [7 U.S.C. §499b(4)] and PACA Regulations 7 C.F.R. §46 *et seq.*

32.     As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered damages.

## COUNT II

### (Action on Account/Breach of Agreement)

33.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

34.     For the 2016 berry season, Defendant agreed to sell Plaintiff's blueberries for the best market price available in exchange for a sales commission. *See* Exhibits A hereto.

35.     Plaintiff performed all aspects of the agreement.

36.     Defendant received and accepted the blueberries, and sold them, but failed to achieve the best market price available, as reflected in its own Market Reports and those of the USDA. *See* Exhibits B-D.

37.     Defendant failed and refused to pay Plaintiff the difference owed to it, and the time to do so has passed.

38.     Despite due demand and presentment, Defendant is in default to Plaintiff on all amounts unpaid and outstanding. *See* Exhibit D.

39.     Defendant breached the agreement by failing and refusing to pay Plaintiff the principal amount of at least $194,524.10, reflecting the minimum difference between what Plaintiff should have been paid for its berries during the 2016 season, and what it was paid.

40.     As a direct and proximate result of Defendant's breaches, Plaintiff has suffered damages.

## COUNT III

### (Conversion and Unjust Enrichment)

41.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

42.     Defendant has converted to its own use and benefit, the perishable goods delivered by Plaintiff to Defendant, and/or the proceeds therefrom, valued in an amount at least $194,524.10.

43.     If Defendant is allowed to convert and/or use such goods and/or proceeds therefrom, Defendant will be unjustly enriched to the detriment of Plaintiff.

44.     In the event an agreement between Defendant and Plaintiff does not exist, Defendant has been unjustly enriched by obtaining a benefit from Plaintiff by fraud, duress, and/or undue advantage.

45.     As a direct and proximate result of Defendant's wrongful conversion or retention of funds due to the Plaintiff, Defendant has been unjustly enriched and Plaintiff has been damaged in an amount of at least $194,524.10.

### COUNT IV

**(Negligent Misrepresentation)**

46.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

47.     As a marketer of berries and produce dealer, commission merchant, and/or wholesaler, Defendant had a duty to be honest, truthful, and accurate in its statements and representations to Plaintiff, a blueberry grower.

48.     Prior to and during the 2016 blueberry season, Defendant, its agents, and representatives made false statements and representations to Plaintiff including: that it had sufficient retail customers to sell Plaintiff's berries to; that it had sufficient manpower to timely sell all of Plaintiff's blueberries; that it had the knowledge, skill, ability, and resources to sell Plaintiff's blueberries before they began deteriorating; and other statements and representations.

49.     Upon information and belief, Defendant believed these statements and representations were true, but they were actually false.

50.     Defendant was negligent because, among other things, it should have known these statements and representations were false.

51.     Defendant intended to induce Plaintiff to rely on the false statements and representations so that Plaintiff would supply Defendant with blueberries and Defendant could make commissions.

52.     Plaintiff did rely on Defendant's false statements and representations.

53.     As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages.

54.     The conduct of Defendant and its agents and representatives was so reckless and wanting in care that it constituted a conscious disregard and indifference to Plaintiff's rights.

55.     Defendant knowingly participated in the reckless conduct, and condoned and consented to the conduct.

56.     Defendant's actions and inactions were grossly negligent, thereby entitling Plaintiff to punitive damages.

## COUNT VI

### (Declaratory Judgment – Alleged Arbitration Agreement)

57.     Plaintiff incorporates each and every allegation set forth in the preceding paragraphs as if fully rewritten herein.

58.     Defendant's written agreement with Plaintiff was drafted by Defendant or its predecessors, and was not created or drafted by Plaintiff.

59.     Plaintiff was not provided an opportunity to modify or edit the agreement.

60.     The agreement which Defendant required Plaintiff to sign includes a section titled "Resolution of Disputes" *See* Exhibit A hereto.

61.     This "Resolution of Disputes" section contains an arbitration provision.

62.     This arbitration provision does not permit Plaintiff to obtain relief equivalent to court remedies.

63.     This arbitration provision is void, illegal, or otherwise unenforceable as, among other things, it purports to: (1) limit Plaintiff's time within which to file a demand for arbitration to 180 days; (2) prohibit Plaintiff from recovering exemplary or punitive damages; (3) limit Plaintiff's recovery of reasonable attorneys' fees to those incurred at the arbitration hearing level and on appeal; and (4) is otherwise void, illegal, or unenforceable.

64.     This arbitration provision defeats and frustrates the purposes of state and federal statutes, including but not limited to those cited herein, and is unenforceable.

65.     The arbitration provision states that an "arbitrator shall not have the power to add or otherwise amend this Agreement." *See* Exhibit A hereto.

66.     Any determination that the arbitration provision is unenforceable, or that components of the arbitration provision must be severed, can only come from a court of competent jurisdiction, such as this Court.

67.     An actual controversy has arisen and now exists relating to whether any or all of the components of the arbitration provision is enforceable, for which the ends of justice require that a declaration be made by this Court.

68.     Plaintiff seeks an Order from this Court declaring that the arbitration provision is void, illegal, and unenforceable in their entirety, or alternatively that components of the arbitration provision are void, illegal, and unenforceable, including but not limited to: (1) the 180-day limit within which to file a demand for arbitration; (2) the prohibition on recovering exemplary or punitive damages; and (3) the limit on Plaintiff's recovery of reasonable attorneys' fees.

**WHEREFORE**, Plaintiff respectfully prays that this Court issue an Order:

a.     granting judgment in favor of Plaintiff and against Defendant in the principal amount of at least $194,524.10, together with pre-judgment interest and attorneys' fees;

b.     granting an award of punitive damages to Plaintiff in an amount to be determined by the trier of fact;

c.     declaring that the arbitration provision in Defendant's agreement with Plaintiff void, illegal, and unenforceable, or alternatively that components of the arbitrations provisions are void, illegal, and unenforceable, including but not limited to: (1) the 180-day limit within which to file a demand for arbitration; (2) the prohibition on recovering exemplary or punitive damages; and (3) the limit on Plaintiff's recovery of reasonable attorneys' fees;

e.     granting Plaintiff reasonable costs and expenses, including accrued interest and attorneys' fees in this action, and such other relief, whether in law or in equity, as this Court deems just and proper.

Respectfully submitted,

LAW OFFICE OF JOHN B. MANLY, P.C.

By:     */s/ John B. Manly*_____
        John B. Manly, Esq.
        GA Bar No.: 194011
        7 East Congress Street, Suite 600C
        Savannah, Georgia 31401
        Telephone:     (912) 495-5360
        Facsimile:     (844) 362-4952
        Email: john@jbmlawpc.com

        *Local Counsel*

and

Ryan M. Gembala, Esq.**
O'Toole, McLaughlin,
Dooley & Pecora Co LPA
5455 Detroit Road
Sheffield Village, OH 44054
Tel: 440-930-4001
Fax: 440-934-7205
Email: rgembala@omdplaw.com

*Lead Counsel*
***Pro Hac Vice forthcoming*
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ John B. Manly
*Attorney for Plaintiff*

11